## BUSHEY v. UNITED STATES.
### No. 45832.

United States Court of Claims.

Jan. 13, 1953.

Murdaugh S. Madden, Falls Church, Va., for plaintiff.

Wilson Myers, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff on September 16, 1952, filed a motion asking the court "to grant relief from the judgment of dismissal herein, on the grounds that vacation of said judgment in this suit and consideration of plaintiff's Petition on the merits is appropriate to accomplish justice, under Rule 54(b)(6) of the Rules of this Court, and/or under the inherent power of this Court to vacate Orders or Judgments improperly entered."

The original petition was filed March 29, 1943, and presented a claim for extra compensation alleged to be due for overtime services performed by plaintiff as a customs officer of the United States. The claim presented in the petition was for alleged overtime for night time, Sunday and holiday services, performed by plaintiff as a customs officer, under the issues and claims considered and decided by this court in Myers v. United States, 99 Ct.Cl. 158. The decision of this court in the Myers case had been entered February 1, 1943. On November 5, 1945, Robert M. Drysdale, plaintiff's attorney at that time, filed a motion to dismiss the petition which had been filed for and on behalf of the plaintiff along with other petitions presenting claims for certain customs officers in the Vermont area. This motion to dismiss, which was predicated upon the statement of counsel that it did not appear, under the facts in his possession, that plaintiff had any additional overtime compensation coming to him under United States v. Myers, 320 U. S. 561, 64 S.Ct. 337, 88 L.Ed. 312, was allowed and the petition was dismissed by the court November 9, 1945.

The exhibits attached to the plaintiff's motion for the relief from the judgment of dismissal indicate that the notice which plaintiff's counsel, Mr. Drysdale, sent shortly after November 9, 1945, containing advice with reference to the dismissal of the case and the reasons therefor, did not reach the plaintiff. On April 23, 1951, plaintiff wrote Mr. Drysdale, inquiring about the case and asking if a judgment was ever entered in the case, and that if a favorable judgment had been rendered, when payment might be expected. On May 7, 1951, Mr. Drysdale wrote plaintiff explaining in detail that his petition No. 45832 had been dismissed because sufficient information had not been furnished to him to show that any additional overtime compensation was due under the decision in Myers v. United States, supra. The decision of the Supreme

Court in United States v. Myers, 320 U.S. 561, 64 S.Ct. 337, 88 L.Ed. 312, was announced January 3, 1944.

The grounds upon which plaintiff's motion for the relief from the judgment of dismissal is based are that his attorney dismissed the petition without notice to him, without his consent, and in disregard of plaintiff's expressed wishes and intentions in the matter; "that such unauthorized dismissal was the consequence of fraud and/or misrepresentation and/or negligence on the part of plaintiff's attorney; and that plaintiff, himself, has been blameless, has acted with diligence in the protection of his interests and has not slept upon his rights."

From a consideration of the motion, the brief in support thereof, and the exhibits attached thereto, we are of the opinion that adequate grounds have not been shown to warrant allowance of the motion under Rule 54(b)(6) of the Rules of this court, 28 U.S.C.A. The record shows that plaintiff's attorney had advised him from time to time that the claim for overtime compensation presented in the petition filed was based upon the claims and issues involved in the Myers case, supra; and paragraph (9) of plaintiff's petition shows this to be the fact. The record further shows that on June 13, 1945 (Exhibit 11), plaintiff wrote his attorney, Mr. Drysdale, pursuant to Mr. Drysdale's request of June 5, 1945 (Exhibit 10), setting forth certain information with reference to his claim under the Myers decision while stationed at St. Albans, Vermont, from November 1, 1939, to February 28, 1943. In this letter plaintiff set forth that for work performed during this period he had been paid his regular pay plus overtime for work on Sundays and holidays. This letter contained the statement that "For this reason I have made no claim for overtime pay for work performed at St. Albans." In this letter to his attorney plaintiff also stated that for the period February 1, 1937, to October 31, 1939, he was stationed at Highgate Springs, Vermont, and during that period had performed work on Sundays and holidays at free highway crossings and set forth that he believed that there was due him for this work as a customs inspector, additional (overtime) compensation in the total sum of $1,399.20. As above stated, plaintiff had made no claim in his original petition and had no contract with his attorney for the prosecution of claims for overtime pay on Sundays and holidays at free highway crossings. The record shows that plaintiff's arrangement with his attorney, Mr. Drysdale, was only for the prosecution of claims of the character involved and decided in the Myers case. The record further shows that on May 7, 1951, Mr. Drysdale in his letter to the plaintiff explained this matter in detail to plaintiff and called his attention to the fact that his case did not include a claim on the question of the liability of the Government for overtime pay for services at free highway crossings, and also directed his attention to the case of O'Rourke v. United States, decided by this court June 2, 1947, 109 Ct.Cl. 33, which had been prosecuted by other attorneys.

If it is the intention of plaintiff to further prosecute the claim which he made in his original petition on the basis of the decision in the case of Myers v. United States, supra, we are of the opinion that he has not shown sufficient grounds to justify relief under the provisions of clause 6 of Rule 54 (b). The plaintiff was put upon sufficient notice by Mr. Drysdale's letter of May 7, 1951, to require him to take prompt action looking to the setting aside of the judgment of dismissal if he desired to further prosecute the claim presented in his petition. Plaintiff waited 18 months after the receipt of Mr. Drysdale's letter of 1951 explaining to him the reasons why his petition in case No. 45832 had been dismissed on November 9, 1945.

Plaintiff's motion for relief from the judgment of dismissal must therefore be denied. It is so ordered.

JONES, Chief Judge, and HOWELL and WHITAKER, Judges, concur.

MADDEN, Judge, took no part in the consideration and decision of this case.